IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHRISTINE B. MAY, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-52 _____ |
| | ) | |
| MORGAN COUNTY BOARD OF COMMISSIONERS, | ) ) | |
| | ) | |
| Defendant/Appellee. | ) ) | |

**COMPLAINT FOR DAMAGES
AND APPEAL OF ZONING DECISIONS**

Plaintiff Christine B. May ("Plaintiff") submits her claim for damages against Morgan County, Georgia and appeals the denial of her Applications for Rezoning, Text Amendment and Declaration of Rights by Defendant.

**PARTIES AND JURISDICTION**

1.

Plaintiff/Appellant Christine B. May is a citizen of the state of New Jersey and owns the real estate and residential dwelling located at 1361 Grayson Pointe Drive in Morgan County, Georgia.

2.

Defendant/Appellee Morgan County Board of Commissioners is a governmental entity and may be served with process upon the Chairperson, Andy Ainslie, at 150 E. Washington Street, Madison, Morgan County, Georgia. The Board of Commissioners is within this judicial district and division.

3.

Subject matter jurisdiction over Ms. May's complaint for damages under 42 U.S.C. §§1983 and 1988 are proper in this court pursuant to 28 U.S.C. § 1331.

4.

Subject matter jurisdiction over Ms. May's appeals of the denials of her applications for rezoning, text amendment and declaration of rights are proper pursuant to 28 U.S.C. § 1332, in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5.

Subject matter jurisdiction over Ms. May's appeals of the denial of her application for rezoning, text amendment, and declaration of rights is also proper pursuant to 28 U.S.C. § 1367.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.

On January 21, 2004 Ms. May purchased Lot No. 13 (the Property") at 1361 Grayson Pointe Drive in the Grayson Pointe Subdivision in Morgan County, Georgia with the intention of a building a single-family residence for her personal use and making it available for vacation rentals when she was not occupying it. A true and correct copy of the warranty deed conveying the Property to Plaintiff is attached hereto as Exhibit "A".

8.

On February 1, 2005 Morgan County adopted the Morgan County Zoning Ordinance ("the Zoning Ordinance"). The Zoning Ordinance designated three lakeshore residential/recreation zoning districts: LR1, LR2, and LR3. The Property was included in LR1. Single family detached dwellings are an expressly permitted use in district LR1 pursuant to Article 11 of the Zoning Ordinance of Morgan County. Article 11 does not restrict occupancy of the dwelling to the owner and no restrictive covenants are of record prohibiting the rental of the Property.

9.

On March 12, 2007 Ms. May obtained a Residential Building Permit from Morgan County to construct a single-family residence, and thereafter constructed a three (3) bedroom single-family residence. A true and correct copy of the Residential Building Permit is attached as Exhibit "B".

10.

On May23, 2008 Morgan County issued a Certificate of Occupancy to Ms. May for the single-family dwelling constructed on the Property. A true and correct copy of the Certificate of Occupancy is attached as Exhibit "C".

Following her receipt of the Certificate of Occupancy, Plaintiff proceeded to use the Property for personal vacation use and also rented the Property to others for varying periods of time when she was not occupying it.

11.

On October 5, 2010 the Morgan County Board of Commissioners amended the Zoning Ordinance through the adoption of Regulation 15.35 adding Chapter 15.35 to the Zoning Ordinance. Attached hereto as Exhibit "D" is a true and correct copy of Regulation 15.35 as published on Morgan County's website and as provided to Ms. May pursuant to a Georgia Open Records Act request.

12.

Regulation 15.35 states that the "renting of a…single family dwelling unit…[for less than thirty (30) consecutive days…is prohibited in all zoning districts, except where specifically allowed by conditional use." (Rentals of less than 30 days are referred to in the ordinance as "Short Term Rentals.").

13.

On December 7, 2010 Defendant amended Article 11 of the Zoning Ordinance to designate the zoning districts where Short Term Rentals would be allowed as a conditional use. The amendment does not allow Short Term Rentals as a conditional use in LR1, the zoning district where Ms. May's property is located.

14.

For more than two years prior to the adoption of Regulation 15.35 and the designation of zoning districts allowing Short Term Rentals, Ms. May lawfully rented the Property to others as a vacation rental for periods of less than 30 days.

15.

On or about August 25, 2011 the Morgan County Sheriff's Office issued a citation to Ms. May alleging that she violated Regulation 15.35 by having renters on the Property from August 1, 2011 through August 8, 2011. Ms. May's criminal prosecution is still pending. Since the date of the citation through the date of this

Complaint, the County has continually refused to recognize and respect Plaintiff's vested rights, even to the point of erecting a conspicuous sign at her Property warning of the consequences of violating the prohibitions contained in Regulation 15.35 (which has now been re-codified as Section 7.29 of the Morgan County Zoning Ordinance).

16.

On February 9, 2015, Ms. May filed Applications for Rezoning, Text Amendment, and Declaration of Rights with the Morgan County Planning Commission.  On March 26, 2015, the Planning Commission denied each of Ms. May's applications.  True and correct copies of those applications are attached as Exhibits "E" and "F."  Ms. May filed the applications in response to the County's contention that she could not have her grandfathered rights adjudicated in court until she had exhausted certain "administrative remedies" described by the County.  Although Ms. May has denied that she is required to exhaust the so-called administrative remedies as a condition to having her grandfathered rights protected by a court, she filed the subject applications in order to remove the lack of filing as grounds for a court's refusal to acknowledge and protect her grandfathered rights.

17.

Ms. May appealed the decision of the Planning Commission to the Morgan County Board of Commissioners. On April 7, 2015, the Board of Commissioners denied each of Ms. May's applications.

## FIRST CLAIM FOR RELIEF –
## DECLARATORY JUDGMENT

18.

Ms. May incorporates by reference each prior allegation contained in Paragraphs 1 – 17.

19.

Defendant's continuous attempts to deprive Plaintiff of her Constitutional rights have caused uncertainty on the part of Plaintiff in determining whether to continue renting her Property on a Short-Term basis. Plaintiff is entitled to a declaratory judgment under 28 U.S.C. § 2201 that confirms her right to continue renting the Property for periods of less than 30 days.

## SECOND CLAIM FOR RELIEF – VIOLATION OF
## 42 U.S.C. §§ 1983 and 1988

20.

Ms. May incorporates by reference each prior allegation contained in Paragraphs 1 – 19.

21.

Ms. May expended substantial sums to acquire the Property and build the house thereon in reliance on Morgan County's Zoning Ordinance, which at the time did not purport to prohibit rentals of less than 30 days.

22.

Ms. May has a vested grandfathered right to use the Property for rentals of any duration.

23.

Morgan County's ongoing application of Regulation 15.35 (now Section 7.29) to Ms. May under color of state law violates the due process provisions of the Fifth and Fourteenth Amendments of the United States Constitution, the privileges and immunities clause of the Fourteenth Amendment, and the due process provisions of Article I, Section I, Paragraph I, and Article I, Section III, Paragraph I of the Constitution of the State of Georgia.

24.

Ms. May has been damaged by Defendant's ongoing deprivation of her constitutional right to continue renting her home in the manner in which she had done prior to Defendant's adoption of Regulation 15.35.  These continuing deprivations entitle Ms. May to recover damages and attorneys' fees under 42 U.S.C. §§ 1983 and 1988.

## THIRD CLAIM FOR RELIEF – APPEAL OF

## DENIAL OF APPLICATION FOR REZONING

25.

Ms. May incorporates by reference each prior allegation contained in Paragraphs 1 – 24..

26.

Pursuant to Section 2.8.2 of the Morgan County Zoning Ordinance, attached hereto as Exhibit G, and only to the extent necessary to preserve her vested grandfathered right to continue renting her home on a Short Term basis following the adoption of Regulation 15.35, Ms. May appeals the April 7, 2015 decision of the Morgan County Board of Commissioners denying her Application for Rezoning to LR3, a district in which Short Term Rentals are permitted as a conditional use.

## FOURTH CLAIM FOR RELIEF – APPEAL OF DENIAL OF

## APPLICATION FOR TEXT AMENDMENT

27.

Ms. May incorporates by reference each prior allegation contained in Paragraphs 1 – 26.

28.

Pursuant to Section 2.8.2 of the Morgan County Zoning Ordinance (Exhibit G), and only to the extent necessary to preserve her vested grandfathered right to continue renting her home on a Short Term basis following the adoption of Regulation 15.35, Ms. May appeals the April 7, 2015 decision of the Morgan County Board of Commissioners denying her Application for Text Amendment to amend the language of Chapter 7.29, formerly Regulation 15.35, affirming the applicability of Chapter 8.3 (the Chapter addressing Nonconforming Uses) to Chapter 7.29 and allowing for the legal continuation of short term rentals for property owners who rented for periods of less than 30 days prior to the enactment of Regulation 15.35 and the subsequent amendment to Chapter 7.29.

## FIFTH CLAIM FOR RELIEF – APPEAL OF DENIAL OF PLAINTIFF'S REQUEST FOR DECLARATION OF RIGHTS.

29.

Pursuant to Section 2.8.2 of the Morgan County Zoning Ordinance (Exhibit G), and only to the extent necessary to preserve her vested grandfathered right to continue renting her home on a Short Term basis following the adoption of Regulation 15.35, Ms. May appeals the April 7, 2015 decision of the Morgan

County Board of Commissioners denying her request for a declaration of her right to continue renting the Property for less than 30 days.

WHEREFORE, Ms. May demands and prays for the following relief:

a) for a declaratory judgment affirming Plaintiff's continued right to rent her Property for periods of less than 30 days;

b) for an award of damages, attorneys' fees and litigation expenses under 42 U.S.C. §§ 1983 and 1988 in an amount not less than $300,000.00;

c) to the extent applicable, for an order requiring Morgan County to rezone the Property to LR3;

d) to the extent applicable, for an order requiring Morgan County to enact a text amendment to Chapter 7.29 of the Morgan County Zoning Ordinance to explicitly affirm the application of Chapter 8.3 to Chapter 7.29;

e) to the extent applicable, an order requiring Morgan County to issue a declaration that affirms Plaintiff's right to rent her Property for periods of less than 30 days;

f) for such other relief as the Court deems just and proper.

This 7th day of May, 2015.

By: /s/ C. Wilson DuBose
C. Wilson DuBose
State Bar of Georgia No. 231450
Jennifer Pridgeon
State Bar of Georgia No. 434428
**Attorneys for Plaintiff**

285 North Main Street
P.O. Box 192
Madison, Georgia 30650
706-342-7900