IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTINE B. MAY, : : Plaintiff, : : v. : : No. 3:15-CV-52 (CAR) MORGAN COUNTY, : GEORGIA : : Defendant. : : | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Christine B. May seeks a declaratory judgment from this Court that she has a grandfathered right to rent her property in Morgan County, Georgia for periods of less than thirty days. Plaintiff brings 42 U.S.C. §§ 1983 and 1988 claims against Defendant Morgan County, Georgia, arguing the County's zoning ordinance and its enforcement violate her constitutional rights. Additionally, Plaintiff appeals the Morgan County Board of Commissioners' decision to deny her application for rezoning, application for text amendment, and request for declaration of rights. Currently before the Court are Defendant's Motion to Dismiss and Motion for Summary Judgment [Doc. 16], and Plaintiff's Motion for Partial Summary Judgment [Doc. 17]. After careful consideration, the Court finds the Rooker Feldman doctrine and collateral estoppel bar Plaintiff from relitigating two claims, and the Court declines to exercise supplemental

jurisdiction over the remaining claim. Thus, Defendant's Motion [Doc. 16] is **GRANTED**, and Plaintiff's Motion [Doc. 17] is **DENIED**.[1]

## BACKGROUND

*The Property*

Plaintiff Christine May is a resident of New Jersey. On January 21, 2004, May purchased Lot 13 at 1361 Grayson Pointe Drive, in Morgan County, Georgia (the "Property"), with the intention of building a single-family residence for her family's personal use and vacation rentals.[2] Three years later May obtained a residential building permit from Morgan County (the "County") and began construction on a three-bedroom single-family residence.[3] On May 23, 2008, the County issued a Certificate of Occupancy to May for the single-family dwelling constructed on the Property.[4] Thereafter, May used the Property for personal use and began renting the Property to others for various periods of time.

In 2005, prior to construction on the Property, the County divided the lakeshore properties into three zoning districts–LR1, LR2, and LR3.[5] The Property is located in

---

[1] The Court has reviewed the parties' motions and briefs and determined oral argument would not aid in the resolution of Defendant and Plaintiff's Motions. Thus, Defendant and Plaintiff's Requests for Oral Hearing [Docs. 16-3 & 17] are **DENIED** as unnecessary.
[2] Pl.'s Compl., [Doc. 1] at para. 7.
[3] *Id*. at para. 9.
[4] *Id*. at para. 10.
[5] *Id*. at para. 8. Morgan County adopted the zoning ordinance in 2005. *Id*.

2

LR1, the "Lakeshore Low Density Residential Recreation District," which permits single-family detached dwellings.[6] At the time the house was built, the County's zoning ordinance stated only those uses listed in the zoning district as "permitted" or "conditional" were allowed, and those uses not listed as "permitted" or "conditional" were not allowed.[7] In LR1, "[s]hort term rentals were not listed as either permitted or conditional uses when [May] began renting her home on a short-term basis."[8]

On October 5, 2010, the Morgan County Board of Commissioners adopted Regulation 15.35, which amended the zoning ordinance to specifically prohibit all rentals of single-family dwelling units for less than 30 consecutive days in all zoning districts, except for those districts where it is allowed by conditional use.[9] On December 7, 2010, Article 11 of the zoning ordinance was amended to designate the zoning districts where short-term rentals would be allowed as a conditional use. However, LR1 was not included in the amendment. Thus, short-term rentals are specifically prohibited in the district the Property is located.[10]

On August 11, 2011, May was cited for violating the zoning ordinance by renting her home on a short-term basis. May demanded a jury trial for the ordinance violation

---

[6] *Id*.
[7] Def.'s Mtn to Dismiss and Mtn. for Summary Judgment, Order in Second Superior Ct. Action, [Doc. 16-6] at p. 2.
[8] *Id*. at p. 3.
[9] Pl.'s Compl., [Doc. 1] at paras. 11-12.
[10] *Id*. at para. 13.

3

prosecution, and thus, the case was transferred to the Superior Court of Morgan County. However, the case was stayed because May filed suit against the County in the Superior Court of Morgan County.

*First Superior Court Action*

On April 13, 2012, May filed suit against the County, alleging first, she had a "grandfathered" right under the County's zoning ordinance to continue renting the Property on a short-term basis, and second, the County's enactment of Regulation 15.35 and its enforcement was a violation of the due process provisions in the Fifth and Fourteenth Amendment, the privileges and immunities clause of the Fourteenth Amendment, and the due process provision of the Georgia Constitution. May sought an injunction, a declaratory judgment, and damages from the County.[11]

After a non-jury trial was held in September of 2012, the Superior Court found May had a grandfathered right to continue renting the Property. However, the Superior Court refused to grant May's requested relief and declined to rule on two of the County's arguments. Both parties appealed. The Georgia Court of Appeals vacated the Superior Court's decision and remanded it for the court to address the following arguments: (1) whether May's failure to exhaust her administrative remedies by first seeking a rezoning and conditional use permit for her property bars her action; and (2)

---

[11] *See* Def.'s Mtn. to Dismiss and Summary Judgment, Pl.'s Compl. in First Superior Ct. Action, [Doc. 16-4].

whether May's failure to file her action within 30 days of the enactment and application of the short-term rental ordinance bars this action.[12] May sought certiorari from the Georgia Supreme Court, but on January 27, 2014, the petition was denied.[13]

On remand, the Superior Court determined both May's failure to exhaust administration remedies and to file a claim within 30 days barred her action. Consequently, the court dismissed all of May's claims against the County.[14] May appealed the Superior Court's Judgment, and the Georgia Court of Appeals denied her application for discretionary appeal.[15] Next, May petitioned the Georgia Supreme Court for certiorari, but this petition was also denied[16] Finally, May filed a Motion for Reconsideration with the Georgia Supreme Court, which was denied in January 2015.[17]

*Zoning and Conditional Use Applications*

On February 6, 2015, May filed an application for rezoning with the County, seeking to have the Property rezoned to LR3, a district that allows rentals for periods of less than 30 days as a conditional use.[18] On February 28, 2015, Plaintiff filed an application for a text amendment, requesting the County amend its zoning ordinance to

---

[12] Def.'s Answer, Ex. A.-Relevant Orders from previous lawsuit, [Doc. 5-1] at p. 2-10.
[13] *Id.* at p. 11.
[14] Def.'s Mtn. to Dismiss and Summary Judgment, Order in First Superior Ct. Action, [Doc 16-5].
[15] Def.'s Answer, Ex. A.-Relevant Orders from Previous Lawsuit, [Doc. 5-1] at p. 23.
[16] *Id.* at p. 24.
[17] *Id.* at p. 25.
[18] Pl.'s Compl., Ex. E-Application for Rezoning, [Doc. 1-5] at p. 2-8.

permit "the legal continuation of short term rentals for property owners who rented for periods of less than 30 days prior to the enactment of Regulation 15.35."[19]  Additionally, Plaintiff filed a request with the County for a declaration of her right to continue renting the Property for less than 30 days.[20]  However, on April 7, 2015, the County denied her applications and request.[21]

*May's Federal Court Action*

On May 7, 2015, May filed suit against the County in this Court, seeking a declaratory judgment and damages and appealing the April 7th zoning decision.  May's Complaint states: (1) she is entitled to a declaratory judgment under 28 U.S.C. § 2201 that confirms her right to continue renting the Property for periods of less than 30 days; (2) she is entitled to damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for the County's ongoing application of Regulation 15.35, which violates her constitutional rights; and (3) she is entitled to an order from this Court requiring the County to rezone the Property to LR3, enact a text amendment to the zoning ordinance, and issue a declaration affirming her grandfathered right.[22]

---

[19] Pl.'s Compl, Ex. F-Application for Text Amendment, [Doc. 1-6] at p. 2-4.
[20] Pl.'s Compl., [Doc. 1] at para. 29.
[21] *See id.* at paras. 25-29.
[22] *Id* at paras. 7-11.

*Second Superior Court Action*

Once the appellate process in the first Superior Court action was complete, the County's suit against May for violating the zoning ordinance commenced.[23] On June 1, 2015, the case was called for a jury trial, as May originally requested. However, May agreed only legal issues remained and revoked her demand for a jury trial. The Superior Court held oral arguments on June 3, 2015. Thereafter, May filed a motion to dismiss the County's prosecution, contending she had a grandfathered right to rent the Property on a short-term basis because the zoning ordinance in effect when she began renting did not bar such rentals. The County moved to preclude May from raising this argument, asserting she should be collaterally estopped from relitigating an issue previously decided in the first action.[24]

On November 13, 2015, the Superior Court denied the County's preclusion motion but ultimately found in favor of the County.[25] The Superior Court determined the short-term rental of the Property "was not allowed under the County's zoning ordinance in effect when she began renting it on a short-term basis."[26] Because May was unable to meet her burden of establishing the affirmative defense of a

---

[23] Def.'s Mtn. to Dismiss and Summary Judgment, Order in Second Superior Ct. Action, [Doc. 16-6] at p. 3 ("The jury trial of [May]'s ordinance violations was essentially on hold, pending resolution of her lawsuit and multiple appeals against the County.").
[24] *See id.*
[25] *Id.* at p. 4.
[26] *Id.* at p. 4.

7

grandfathered right, the court denied May's motion to dismiss and scheduled a hearing for May's sentencing.[27] On March 23, 2016, the Superior Court pronounced May guilty of violating the County's zoning ordinance, sentenced May to six months of probation, charged her a $500.00 fine, and ordered her to remove any and all short-term rental postings.[28]

## DISCUSSION

Currently before the Court are the County's Motion to Dismiss and Motion for Summary Judgment and May's Motion for Partial Summary Judgment. The County argues May's claims have already been litigated in state court, and thus May is barred from relitigating them under the *Rooker-Feldman* Doctrine, *res judicata*, and collateral estoppel. However, May contends those doctrines do not apply because her claims were not adjudicated on the merits. Additionally, May seeks a declaratory judgment that she has a grandfathered right to rent her home for periods of less than 30 days. The Court will first address the County's Motion to Dismiss and then discuss the parties' Motions for Summary Judgment.

---

[27] *Id.* at p. 9.
[28] Certified Copy of Sentence of Pl. in Superior Court of Morgan County, [Doc. 33].

I. **Motion to Dismiss**

   A. **Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be brought as either a facial or factual challenge to the complaint.[29]  In a facial challenge, a court is required only to determine if plaintiff has "sufficiently alleged a basis for subject matter jurisdiction."[30]  On the other hand, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings…are considered.'"[31]  "In a factual attack, 'no presumptive truthfulness attaches to [a] plaintiff's allegations,' and plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction.[32]

In this case, the County's Motion to Dismiss is a factual attack on May's Complaint because it contends the Court lacks subject matter jurisdiction under the

---

[29] *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (discussing the two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction).
[30] *McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007).
[31] *Id*. (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).
[32] *Hill v. Fed. Home Loan Mortg. Corp.*, No. 15-23197-CIV-GAYLES/TURNOFF, 2016 WL 916824, at *2 (S.D. Fla. Mar. 10, 2016) (quoting *Lawrence*, 919 F.2d at 1529; and citing *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002)).

*Rooker–Feldman* doctrine.[33]  Accordingly, this Court may consider evidence outside the pleadings in determining the County's Motion to Dismiss.

### B. Discussion

The County contends May's claims were fully adjudicated on the merits in two prior actions in the Superior Court of Morgan County, and thus, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine to review those rulings. However, May argues the *Rooker-Feldman* doctrine only applies where a party complains of injuries specifically caused by the state court's decision, and her injuries are caused by the County's actions, not the Superior Court's judgments.

Generally, under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[34]  In *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, the Supreme Court held the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

---

[33] *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1071 n.2 (11th Cir. 2013) ("Although this appeal is before us on a motion to dismiss, [where the district court dismissed the complaint based on the *Rooker-Feldman* doctrine], we may consider matters outside the complaint because this is a factual attack on the complaint for lack of subject matter jurisdiction.").
[34] *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

inviting district court review and rejection of those judgments."[35]  "The Supreme Court noted that parallel state and federal litigation does not trigger the *Rooker-Feldman* doctrine 'simply by the entry of judgment in the state court.'  Rather, preclusion law would govern the federal action once the state court adjudication was complete." [36]

In this case, *Rooker-Feldman* bars this Court from considering whether the County's application of the zoning ordinance is unconstitutional.  However, the doctrine does not bar May's remaining claims.

1. Unconstitutionality of the Zoning Ordinance and its Application

May now brings the same claim in this action that she brought in Superior Court—the County's zoning ordinance and ongoing application of the zoning ordinance is unconstitutional.[37]  The only state court case with a final judgment rendered prior to this Court's proceedings is May's action against the County in the Superior Court of Morgan County.[38]  In that case, the Superior Court held May's claims

---

[35] 544 U.S. 280, 284 (2005); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) ("[T]he Supreme Court delineated the scope of the Rooker-Feldman doctrine: when the '[ ] losing party in state court file[s] suit in federal court after the state proceedings end[ ], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." (quoting *Exxon Mobile*, 544 U.S. at 291)).
[36] *Nicholson*, 558 F.3d at 1273-74 (quoting *Exxon Mobile*, 544 U.S. at 292).
[37] May is not attempting to challenge the 30-day requirement rule itself.  *See Skinner v. Switzer*, __ U.S. __, 131 S.Ct. 1289, 1298 (2011) ("[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action.").
[38] The County's prosecution of the ordinance violation was not fully adjudicated until March 13, 2016, which occurred after May filed her claims in this Court.  Thus, *Rooker-Feldman* does not apply to the second Superior Court case.  *See, e.g.*, *Lozman*, 713 F.3d at 1074 ("Thus, state court proceedings as to the First Amendment issues raised in the second amended counterclaim did not end prior to the

were barred because (1) she failed to exhaust her administrative remedies (apply for a rezoning and conditional use permit) before filing the action, and (2) she failed to file her action within 30 days of the adoption of the zoning ordinance, as required by Georgia law. After a thorough discussion, the Superior Court determined any attack against the zoning ordinance and its application to the Property involved is clearly time barred under Georgia law for her failure to file within 30 days.[39]

For this Court to consider May's claim, the Court would first be required to review and reject the Superior Court's decision that the claim is time barred. Thus, May is essentially seeking a *de facto* appeal of the Superior Court's judgment. Under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to consider this claim.[40] May's unconstitutional claim is hereby **DISMISSED**.[41]

---

commencement of the federal action, and *Rooker-Feldman* does not divest the court of jurisdiction, regardless of whether the claims raised in state court are identical to those raised in federal court."); *Green v. Jefferson Cnty. Com'n*, 563 F.3d 1243, 1250 (11th Cir. 2009); *Nicholson*, 558 F.3d at 1272.

[39] Def.'s Mtn. to Dismiss and Summary Judgment, Order in First Superior Ct. Action, [Doc. 16-5] at p. 11. Under Georgia law, when a party is dissatisfied with a zoning decision, the party must appeal to the superior court within 30 days of the local authority's final act on the zoning issue, or the party's claim is time barred. *Id.* at p. 7; *see also* O.C.G.A. § 5-3-20(a). Here, May did not file suit claiming the application of the zoning ordinance was unconstitutional until a year and a half after the County's adoption of Regulation 15.35. Thus, the Superior Court found her claims were time barred.

[40] *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (stating the Rooker–Feldman doctrine encapsulates and delineates the rule that district courts may not review final state-court judgments, and the doctrine precludes review of claims that are "inextricably intertwined" with state judgments); *see also Kermanj Roundation v. Broward Cnty. Property Appraiser's Office*, No. 09-61540-CIV, 2010 WL 1433174, at *2-3 (S.D. Fla. April 9, 2010) (finding the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because plaintiff was seeking a *de facto* appeal of a previously litigation state court matter when the plaintiff essentially asked the district court to invalidate the state court's decision the proceedings were void).

2. Grandfathered Right to Rent the Property

On the other hand, the Superior Court did not reach the merits of May's claim she has a grandfathered right to continue renting the Property on a short-term basis. Instead, the Superior Court dismissed her claims because at the time she brought the action May had not exhausted her administrative remedies. The Superior Court did not decide the merits of whether May has a grandfathered right to rent the Property on a short-term basis or address her arguments regarding this claim. Therefore, the Court finds this claim was not adjudicated on the merits, and the *Rooker-Feldman* doctrine does not prevent consideration of this claim.[42]

3. Appeal of the County's Zoning Decision

Additionally, May appeals the County's decision denying her zoning applications and request. The County's decision occurred on April 7, 2015, well after the first state-court proceedings ended. This issue has never been previously been litigated, and May did not have an opportunity to litigate these matters until this

---

[41] Additionally, the Court notes, even if it has jurisdiction to hear May's claims regarding the constitutionality of the zoning ordinance and *Rooker-Feldman* did not apply, these claims would still be time barred because May did not file her challenge to the zoning ordinance within 30 days, as required by Georgia law. *See* O.C.G.A. § 5-3-20; Def.'s Mtn. to Dismiss and Summary Judgment, Order in First Superior Ct. Action, [Doc. 16-5] at p. 7-11; Def.'s Mtn to Dismiss and Mtn. for Summary Judgment, Order in Second Superior Ct. Action, [Doc. 16-6] at p. 9-10.

[42] *See Vasquez v. Yll Shipping Co., LTd.*, 692 F.3d 1192 (11th Cir. 2012) (finding the plaintiff was not asking a federal court to review and reject a judgment of the state court because the [state] court never addressed the issue plaintiff seeks to resolve, and thus the *Rooker-Feldman* did not apply).

lawsuit. Thus, *Rooker-Feldman* does not apply to those claims, and the Court will now turn to the parties' Motions for Summary Judgment for the two remaining claims.

## II. Motions for Summary Judgment

### A. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[43] A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[44] Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[45] When ruling on a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing the motion.[46]

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of

---

[43] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[44] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[45] *See id.* at 249-52.
[46] *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir. 1992).

material fact" and that entitle it to a judgment as a matter of law.[47] If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[48] This evidence must consist of more than mere conclusory allegations or legal conclusions.[49]

### B. The County's Motion for Summary Judgment

The County argues *res judicata* and collateral estoppel preclude May from relitigating her claims. May contends the prior Superior Court suit did not address the merits of her claims, and thus the preclusion doctrines do not apply. However, after considering both Superior Court actions, this Court finds collateral estoppel precludes May from relitigating whether she has a grandfathered right to rent the Property on a short-term basis.

"Collateral estoppel, or issue preclusion … bars the relitigation of issues that were litigated in a prior suit and were essential to the outcome of trial."[50] "[U]nder 28 U.S.C. § 1738, federal courts must give preclusive effect to the judgment of a state court

---

[47] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).
[48] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.
[49] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[50] *Howkins v. Caldwell*, 587 F.Supp. 98, 103 (N.D. Ga. 1983); *see also Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982) ("Preclusive effect will be given to the adjudication of an issue litigated in a prior proceeding if the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action.")

whenever the courts of the state from which the judgment emerged would do so, provided that the litigants had a 'full and fair opportunity' to litigate their claims and the prior state proceedings satisfied 'the applicable requirements of due process.'"[51] Thus, the federal court must apply the state's preclusion law to determine whether to give preclusive effect to a state court's judgment.[52] In Georgia, the collateral estoppel doctrine

> precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim-so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.[53]

Accordingly, "[u]nder Georgia law, a party relying on collateral estoppel must demonstrate that (1) an identical issue, between identical parties (or their privies), (2) was actually litigated and (3) necessarily decided, (4) on the merits in a final judgment, (5) by a court of competent jurisdiction."[54]

---

[51] *Gorin v. Osborne*, 756 F.2d 834, 836–37 (11th Cir. 1985) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–82 (1982)).
[52] *Aquatherm Industries, Inc. Fla. Power & Light Co.*, 84 F.3d 1388, 1394 (11th Cir. 1996).
[53] *Shields v. Bellsouth Adver. & Publ'g Corp.*, 273 Ga. 774, 777 (2001) (quoting *Gwinnett Cnty. Bd. of Tax Assessors v. Gen. Elec. Capital Computer Svcs.*, 273 Ga. 175, 178 (2000)).
[54] *Hale v. Mingledorff*, No. 2:13-CV-0228-RWS, 2014 WL 7012772, at *7 (N.D. Ga. Dec. 11, 2014) (internal quotation marks and citation omitted).

Here, the County has met its burden of demonstrating the necessary elements of collateral estoppel.[55] The Superior Court fully addressed the issue of whether May has a grandfathered right to rent the Property on a short-term basis in its order denying May's motion to dismiss the County's prosecution. The Superior Court found May's "short term rental of her residence was not allowed under the zoning ordinance in effect when she began renting her house, and as such, she has no constitutional 'grandfathered' right to continue renting her house on a short-term basis after the enactment of Morgan County's subsequent short-term regulations."[56] Therefore, because the Superior Court has already determined this same issue on the merits, the Court finds collateral estoppel precludes May from relitigating whether she has a grandfathered right to rent the Property on a short-term basis.[57] Accordingly, the County is entitled to summary judgment on this claim.

---

[55] *See Blach v. AFLAC, Inc.*, No. 4:15-MC-5, 2016 WL 676430, at *3 (Feb. 18, 2016) (finding the party invoking collateral estoppel has the burden of demonstrating that "(1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction").

[56] Def.'s Mtn. to Dismiss and Summary Judgment, Order in Second Superior Ct. Action, [Doc. 16-6] at p. 2.

[57] The Court finds *res judicata* does not bar Plaintiff's claims. The first element of *res judicata* is that "the same cause of action must be involved in both suits." *Talley v. Housing Auth. Of Columbus, Ga.*, No. 5:09-cv-308(CAR), 2009 WL 4755379, at *4 (M.D. Ga. Dec. 7, 2009). Here, because May asserted this argument as an affirmative defense in the prosecution case, rather than a claim against the County, as in the first Superior Court case, the first element is not met. Thus, this case is better addressed under collateral estoppel.

### C. Supplemental Jurisdiction

Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's appeal of the Morgan County Board of Commissioner's denial of her application for rezoning, application for a text amendment, and request for a declaration of rights.[58]

### D. May's Motion for Partial Summary Judgment

May brings a Motion for Partial Summary Judgment on her grandfathered right claim, seeking a declaratory judgment from this Court. However, because the Court finds May is collaterally estopped from arguing she this issue, this motion is **DENIED**.

### CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss and Motion for Summary Judgment [Doc. 16] is **GRANTED**, and Plaintiff's Motion for Partial Summary Judgment is **DENIED** [Doc. 17]. Additionally, Defendant and Plaintiff's Requests for Oral Hearing [Docs. 16-3 & 17] are **DENIED** as unnecessary. Accordingly, all of Plaintiff's claims are **DISMISSED**.

---

[58] The Development Regulations of Morgan County state an appeal of the board's decision should be brought in the Superior Court of Morgan County. *See* Section 7.14.4 of the Development Regulations.

**SO ORDERED,** this 29th day of September, 2016.

<u>S/ C. Ashley Royal</u>  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT